## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLENE WILLIAMS, Individually and as Executrix of the Estate of Lillian White, Deceased, | ) ) ) ) | |
| Plaintiff | ) ) | 2:20-CV-1970-NR (Consolidated Lead Case) |
| v. | ) ) | |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, | ) ) ) ) ) | |
| Defendant | ) ) | |
| KATHLEEN FEE BAIRD, individually and as Executrix of the Estate of THOMAS J. FEE, Deceased, | ) ) ) | 2:20-CV-1971-NR |
| Plaintiff | ) ) | |
| v. | ) ) | |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, | ) ) ) ) ) | |
| Defendant | ) ) | |

## MEMORANDUM ORDER

### J. Nicholas Ranjan, United States District Judge

Pending before the Court is Secretary Becerra's motion to dismiss separate amended complaints filed by Ms. Williams and Ms. Baird.  ECF 14.  The Court consolidated the two cases because of the similarity in underlying facts and legal issues. ECF 5. Both Ms. Williams and Ms. Baird settled civil claims against health care facilities.  ECF 13, ¶¶ 19, 33.  They then disputed the reimbursement Centers for Medicare and Medicaid Services ("CMS") demanded following those settlements.

*Id.* at ¶¶ 27, 41. After receiving multiple unfavorable administrative decisions, both appealed to the Medicare Appeals Council (the final level of administrative review), but never received a final decision – despite years of waiting. *Id.* As a result, both Plaintiffs requested and received permission from the Council to escalate the matter to federal court. *Id.*[1] But to escalate their cases, Ms. Williams and Ms. Baird needed to file their complaints here within 60 days of receiving leave from the Council. 42 C.F.R. § 405.1132(b); 42 U.S.C. § 405(g). Neither did so. Instead, they were three days late. ECF 13, ¶¶ 27, 41. So the Secretary moved to dismiss their complaints on statute-of-limitations grounds.

This Court held the Secretary's motion to dismiss in abeyance so that Plaintiffs could contact the Council and request a *nunc pro tunc* extension of the 60-day deadline, under 42 C.F.R. § 405.1134.[2] ECF 28. After months of waiting, neither Plaintiff received any reply from the Council. ECF 29, 32, 35, 39. Nor did the Council respond to the Court's request to expedite its consideration. ECF 38. Convinced that the Council had no interest in considering the extension, the Court re-docketed the motion, received supplemental briefing, and heard oral argument. ECF 40, 41, 43, 48. The motion is now ready for disposition.

At the outset, the Court finds that the 60-day time limit set by 42 U.S.C. § 405(g) is a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478-79 (1986). Accordingly, an untimely complaint must be dismissed unless the Court finds that equitable tolling should apply. *See id.* at 480.

---

[1] "If the Council does not issue a decision or dismissal…within the adjudication period…the appellant may request that the appeal…be escalated to Federal district court." 42 C.F.R. § 405.1132(a).

[2] "Any party to the Council's decision…may request that the time for filing an action in a Federal district court be extended." 42 C.F.R. § 405.1134(a). "If the party shows that he or she had good cause for missing the deadline, the time period will be extended." 42 C.F.R. § 405.1134(c).

But the circumstances of these cases do not warrant equitable tolling, which is "to be applied sparingly." *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) ("Tolling is an extraordinary remedy, and is proper only when the principles of equity would make the rigid application of a limitation period unfair." (cleaned up)). The Third Circuit has explained that "there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting…her rights; or (3) where the plaintiff has timely asserted…her rights mistakenly in the wrong forum." *D.J.S.-W*, 962 F.3d at 750. Importantly, even if a plaintiff otherwise had been pursuing her rights diligently, she must still demonstrate "that some extraordinary circumstance stood in her way and prevented timely filing." *See id.* at 752 (cleaned up).

Here, Ms. Williams and Ms. Baird both filed late because their attorney's case manager contracted COVID-19 just before the deadline. ECF 13, ¶ 27, 41. However, as Plaintiffs recognize, "the ultimate responsibility to timely file the original complaint lies with counsel, not the case manager[.]" *Id.* To that end, both in their complaints and at oral argument, Plaintiffs characterized the case manager's illness as 'not an excuse,' but pointed to the global pandemic as 'something to consider.'

It is true that, weighed against the Medicare Appeal Council's years-long delay, missing the deadline by three days seems minimal. But statutes of limitation do not invite a full-scale balancing of the equities. Instead, courts must examine only the reason the filing at issue was delayed. *See D.J.S-W.*, 962 F.3d at 749-52. Here, the case manager's illness was not an 'extraordinary' occurrence that prevented Plaintiffs from filing. The COVID-19 pandemic had begun nearly nine months earlier. And COVID-19 did not prevent Plaintiffs' law firm from calendaring the

deadline earlier or having backup measures in place. Accordingly, the Court will dismiss the complaints.

But that doesn't end the inquiry. The next question is whether dismissal should be with or without prejudice. The government argues that dismissal should be with prejudice, arguing that the claims are all time-barred. *See* ECF 15, 43. The Court disagrees.

Instructive in this regard is 42 C.F.R. § 405.1136(a)(2). Under that provision, if "the appellant does not request escalation to Federal district court, the case remains with the Council until a final decision, dismissal order, or remand order is issued." In other words, had Plaintiffs never requested escalation to this Court, the case would have remained with the Council and the 60-day limitations clock would have never started. The Court sees no difference between a plaintiff never seeking to escalate or escalating after the 60-day deadline. Under both scenarios, the escalation has never been properly effectuated, and the consequence then should be the same: the appeal stays with the Council for a decision on the merits.[3]

The Secretary opposes remand to the Council and cites cases in which courts simply dismissed the claims with prejudice outright. ECF 43, pp. 1-2. But none of the cases cited involved voluntary escalation, and thus a bypass of the final administrative step. Therefore, they are inapposite here. Because Ms. Williams and Ms. Baird escalated their claims to the district court, there was never a final agency determination. Further administrative review is still possible. Accordingly, in this unique instance, dismissal without prejudice is appropriate.

---

[3] Further bolstering the Court's conclusion is the instruction that Plaintiffs received from the Council in its escalation orders, which provide: "If you do not file an action in Federal district court, then your appeal will remain before the Council." ECF 11-1, p. 2. While Plaintiffs haven't advanced this argument, this language could potentially give them a hook for equitable tolling by arguing that the Council confused or misled them about the consequences of late filing. *See D.J.S.-W*, 962 F.3d at 750.

**\* \* \***

For the foregoing reasons, the amended complaints are **DISMISSED** without prejudice and these cases are hereby **REMANDED** to the Medicare Appeals Council for the reinstatement of Plaintiffs' administrative appeals.  The Clerk of this Court is directed to mark these cases **CLOSED**, subject to any party moving to re-open the cases, consistent with this order.[4]

DATE: June 17, 2022                                    BY THE COURT:

                                                              /s/ *J. Nicholas Ranjan*
                                                              United States District Judge

---

[4]  This does not necessarily mean that on remand, Plaintiffs must wait for a final decision by the Council.  The Court sees no reason why Plaintiffs couldn't request escalation from the Council again.  If they do so, the Council grants escalation, and Plaintiffs then timely file complaints in this Court, Plaintiffs should file motions to re-open the present cases to lodge the new complaints.